UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-mj-03686-LFL

UNITED STATES OF AMERICA

v.

EMNIS JOSE RAMOS-LUGO,
DICFEN GONZALEZ,
JEANDRO LUGO-MARUAL, and
ANDRE GONZALEZ,

        Defendants.
_____/

FILED BY OG D.C.
Sep 2, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   /s/TANNER P. STIEHL
Tanner P. Stiehl
Special Assistant United States Attorney
FL Bar No. 1031487
99 N.E. 4th Street
Miami, FL 33132
Tel. No. (786) 360-9752
Fax No. (305) 536-4676
E-mail: Tanner.Stiehl@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) |
| EMNIS JOSE RAMOS-LUGO, | ) Case No. 1:25-mj-03686-LFL |
| DICFEN GONZALEZ, | ) |
| JEANDRO LUGO-MARUAL, and | ) |
| ANDRE GONZALEZ, | ) |
| Defendants. | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __August 2, 2025__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b). |
| | Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(2)(G), it is further alleged that this violation involved one thousand (1000) or more kilograms of a mixture and substance containing a detectable amount of marihuana. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

Lewis Hosch, Task Force Officer DEA
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: Sept 2 2025

_____
Judge's signature

City and state: Miami, Florida

Honorable Lauren F. Louis, United States Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lewis Hosch, being duly sworn, hereby depose and state the following:

1. I am employed as a Detective with the City of Homestead Police Department and have served in this capacity since January 2005. I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2019. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against EMNIS JOSE RAMOS-LUGO, DICFEN GONZALEZ, JEANDRO LUGO-MARUAL, and ANDRE GONZALEZ for knowingly and willfully conspiring to possess with intent to distribute one thousand (1,000) or more kilograms of a mixture and substance containing a detectable amount of marijuana while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

3. On or about August 2, 2025, a Maritime Patrol Aircraft ("MPA") detected a go-fast vessel (GFV) approximately 52 nautical miles north of Carabobo, Venezuela, in international waters. The GFV had four individuals on board, two outboard engines, excessive fuel drums, displayed no indicia of nationality, and had visible packages on board. The HMLMS FRIESLAND, with embarked United States Coast Guard (USCG) Law Enforcement Detachment Team (LEDET), was diverted to interdict and investigate. The USCG assumed tactical control of HMLMS FRIESLAND and granted a Statement of No Objection for the USCG LEDET to conduct Right of Visit boarding and stop a non-compliant vessel, up to and including warning shots and disabling fire because the vessel was reasonably suspected of drug smuggling in international waters while displaying no indicia of nationality. After warning shots were fired, a cell phone was jettisoned and all four persons on the vessel jumped into the water during the pursuit. All four persons were recovered by the HNLMS FRIESLAND with no injuries along with one (1) cell phone. The HNLMS FRIESLAND was able to gain positive control of the vessel.

4. When the LEDET boarding team arrived, the boarding team proceeded to ask who the master or person in charge of the vessel was. None of the individuals on board identified themselves as the master or individual in charge, nor did any make a claim of nationality for the vessel. Consequently, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States.

5. The four individuals on board later identified themselves as EMNIS JOSE RAMOS-LUGO, DICFEN GONZALEZ, JEANDRO LUGO-MARUAL, and ANDRE GONZALEZ, all Venezuelan nationals. The boarding team recovered and seized a total of eighty-six (86) bales. The contents of the bales were field tested and tested positive for the presence of marihuana with an approximate weight of 1,644 kilograms. All individuals, along with the

suspected marihuana, were transferred to the HNLMS FRIESLAND.

6. Based on the foregoing facts, I submit that probable cause exists to believe that EMNIS JOSE RAMOS-LUGO, DICFEN GONZALEZ, JEANDRO LUGO-MARUAL, and ANDRE GONZALEZ did knowingly and willfully conspire to possess with intent to distribute one thousand (1,000) or more kilograms of a mixture and substance containing a detectable amount of marihuana, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

_____
LEWIS HOSCH
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this 2 day of September, 2025.

_____
HONORABLE LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE